```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

XEROX CORPORATION,

    Plaintiff,

v.                                Case No.: 8:16-cv-2159-T-33TGW

SOUTHEAST PRINT PROGRAMS,
INC., a Florida corporation,
and JOHN PHILLIPS,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Xerox Corporation's Motion for Default Final Judgment (Doc. # 16), filed on September 6, 2016. For the reasons that follow, the Court grants the Motion as set forth herein.

**I.  Background**

On July 27, 2016, Xerox filed its Verified Complaint alleging breach of contract, breach of promissory note, and breach of guaranty against Southeast Print Programs, Inc., and John Phillips, in this Court on the basis of diversity jurisdiction. (Doc. # 1). The Verified Complaint alleges that, on May 9, 2007, Southeast entered into a sale and maintenance contract with Xerox for a variety of office

1

equipment, including printers and copiers. (Id. at ¶¶ 8-9). Additionally, Southeast leased further office equipment from Xerox in 2010 and 2013. (Id. at ¶¶ 11-13, 15-17, 19-21). Southeast defaulted on its payments under the sale and maintenance contract and various lease agreements. (Id. at ¶¶ 10, 14, 18, 22).

As a result, on October 21, 2014, Xerox and Southeast entered into an Account Modification Agreement (Agreement), which modified the terms of the previous sale and maintenance contract and lease agreements. (Id. at ¶ 23). A copy of the Agreement was attached as an exhibit to the Verified Complaint. (Doc. # 1-6). Under the terms of the Agreement, the lease agreements for various equipment were extended for a new term of 84 months, commencing on November 1, 2014, and expiring on October 31, 2021. (Doc. # 1 at ¶ 24). Xerox states that the total amount due under the Agreement was $777,754.89, plus interest. (Id. at ¶ 26).

Also on October 21, 2014, Southeast executed and delivered to Xerox a Promissory Note (Note) in the principal amount of $333,290.55, which Xerox owns and holds. (Id. at ¶¶ 39-40). Under the Note, Southeast agreed to make monthly payments of $5,362.34, for a term of 84 months, commencing December 1, 2014. (Id. at ¶ 41). Xerox attached a copy of the

2

Note as an exhibit to the Verified Complaint. (Doc. # 1-7). Although Xerox avers that it owns and holds the Note, Xerox is not currently in possession of the original and requests that the Court reestablish the Note so that it may be enforced. (Doc. # 1 at ¶¶ 55-60).

Furthermore, Phillips, individually, signed personal Guaranties for the Agreement and Note. (Id. at ¶¶ 31, 49).

Subsequently, Southeast failed to make the agreed payments on both the Agreement and the Note. (Id. at ¶¶ 25, 42). As provided in the terms of the Agreement and Note, Xerox elected to accelerate all sums due under the Agreement and Note. (Id.). Phillips also defaulted in his obligations to pay the sums due under the Agreement and the Note. (Id. at ¶¶ 33, 51).

As a result, on July 27, 2016, Xerox filed the Verified Complaint. (Doc. # 1). Xerox effected service of process on Southeast and Phillips on July 30, 2016. (Doc. ## 8, 9). Southeast and Phillips failed to respond to the Verified Complaint. On August 26, 2016, Xerox filed an application for Clerk's default. (Doc. # 11), and the Clerk issued its entry of default on August 29, 2016 (Doc. ## 12, 13). Thereafter, Xerox filed the present Motion. (Doc. # 16).

As an attachment to the Motion, Xerox filed the affidavit of its litigation specialist, Joni Ballard, outlining the amounts owed under the Agreement and Note, in principal and interest. (Doc. # 16-2). On October 24, 2016, following the Court's request for more information, Xerox filed Ballard's amended affidavit, providing information about the loss of the Note. (Doc. ## 18, 19). Additionally, Xerox filed the affidavit of its counsel Eric Zwiebel, which states that Xerox incurred court costs in the amount of $400.00 and service of process costs of $139.00, for a total of $539.00. (Doc. # 17).

Based upon the Clerk's entry of default, the well-pled factual allegations in the Verified Complaint, and the Motion itself, the Court determines that the Motion is due to be granted as set forth herein and further determines that a hearing on this matter is not needed.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to

defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**III. Discussion**

    **A.  Reestablishment of the Promissory Note**

As the Court's jurisdiction in this case is premised on diversity, the Court applies Florida law in deciding whether the Note should be reestablished. Under Florida law, "[t]o foreclose upon a promissory note, the plaintiff must be the 'holder' in order to be the real party in interest . . . . Once the plaintiff establishes that it can enforce the promissory note in a foreclosure action, it must also demonstrate that the defendant failed to pay pursuant to the

5

note." Citibank, N.A. v. Dalessio, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010)(internal quotations and citations omitted).

"A party suing on a promissory note — whether just on the note itself or together with a claim to foreclose on a mortgage securing the note — must . . . be in possession of the original of the note or reestablish the note pursuant to Fla. Stat. § 673.3091." Dasma Invs., LLC v. Realty Assocs. Fund III, L.P., 459 F. Supp. 2d 1294, 1302; see also Fla. Stat. §§ 702.015(2)(a), 702.015(3)("The term 'original note' or 'original promissory note' means the signed or executed promissory note rather than a copy thereof."). "If it is not in possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note." Dasma Invs., 459 F. Supp. 2d at 1302.

Under Florida Statute § 673.3091, a person not in possession of an instrument is entitled to enforce the instrument if:

> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Fla. Stat. § 673.3091(1). Additionally,

> A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, § 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Id. at § 673.3091(2).

A party seeking to reestablish a lost note may meet these requirements either through a lost note affidavit or by testimony from a person with knowledge. Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1114 (Fla. 5th DCA 2015). If the party relies on a lost-note affidavit, the affidavit must establish that whoever lost the note "was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [the party] cannot reasonably obtain possession of the note because of the loss." Id. (citation omitted); see also Branch

7

Banking & Trust Co. v. S & S Dev., Inc., 620 F. App'x 698, 701 (11th Cir. 2015)("[U]nder Florida law, '[t]here is no requirement that [BB & T] prove exactly how [it] lost possession of the note,' as long as its affidavit, on its face, meets the requirements of Fla. Stat. § 673.3091(1).")(citation omitted)).

Xerox produced the amended affidavit of Joni Ballard, its litigation specialist, in which Ballard avers that she has personal knowledge that Xerox is the owner and holder of the Note and Agreement. (Doc. # 19 at ¶ 3). Also, Ballard asserts that the allegations set forth in the Complaint are true and correct, including the allegations that Southeast and Phillips failed to make the required payments. (Id.). The amended affidavit further states:

> [T]he original of the Promissory Note which is attached to Plaintiff's Verified Complaint as Exhibit "F" has been lost. Xerox Corporation was entitled to enforce it when the loss of possession occurred. The loss of possession of the [Note] was not the result of a transfer or lawful seizure. A thorough search has been made to locate the [Note] but Xerox Corporation cannot reasonably obtain possession of the [Note] because its whereabouts cannot be determined. The manner of loss was an inadvertent misplacement of the instrument. The original [Note] was supposed to be placed in the workout file located in the workout office of Xerox Corporation, located at 1301 Ridgeview Drive, Lewisville, Texas 75057. I personally looked through the workout file and original [Note] was not in the file.

8

(Doc. # 19 at ¶ 4). Thus, Ballard's amended affidavit establishes that Xerox "was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [Xerox] cannot reasonably obtain possession of the note because of the loss," as required by Fla. Stat. § 673.3091(1). Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d at 1114.

Furthermore, by their failure to respond to the Verified Complaint, Southeast and Phillips admit that Southeast executed and hold the Note. See PNC Bank, N.A. v. Starlight Properties & Holdings, LLC, No. 6:13-cv-408-ORL, 2014 WL 2574040, at *9 (M.D. Fla. June 9, 2014)("By their failure to respond to the complaint, all Defendants admit that PNC is the owner and holder of the Promissory Note . . . .").

Finally, Xerox agrees to indemnify Southeast and Phillips from any loss they might incur from a claim by another person to enforce the Note. (Doc. # 1 at ¶ 60). Under Florida law, "[t]he court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument." Fla. Stat. § 673.3091(2). Here, given that Xerox is the original holder of the Note,

and Xerox states that the Note was misplaced rather than transferred or lawfully seized, the Court finds that Xerox's representation that it will indemnify Southeast and Phillips is adequate protection. See Id. ("Adequate protection may be provided by any reasonable means."); see also Branch Banking & Trust Co., 620 F. App'x at 701 ("[B]ecause [the concern that a third party will later surface and try to enforce the same promissory note] does not arise in every case, 'adequate protection is a flexible concept' and 'depend[s] on the degree of certainty about the facts in the case.'")(citation omitted).

Based on Xerox's undisputed representations in the Verified Complaint and amended affidavit, the Court finds that Xerox has met its burden to reestablish the Note. Cf. Branch Banking & Trust Co. v. S & S Dev., Inc., No. 8:13-cv-1419-T-30TGW, 2014 WL 2215703, at *2 (M.D. Fla. May 28, 2014), aff'd, 620 F. App'x 698 (11th Cir. 2015)("Plaintiff produced such an affidavit thereby establishing the above-mentioned facts to support reestablishment of the lost Note. Defendants have not produced evidence to the contrary."); compare Home Outlet, LLC v. U.S. Bank Nat'l Ass'n, 194 So. 3d 1075, 1078 (Fla. 5th DCA 2016)("Since the lost-note affidavit was not entered into evidence, and White did not establish that he

had any personal knowledge as to whether the original lender was entitled to enforce the note when it was lost or whether the note was lost during a transfer or lawful seizure, U.S. Bank failed to meet its burden to reestablish the lost note.").

Therefore, the Court may enforce the terms of the Note and enter judgment in favor of Xerox.

**B.    Damages**

Xerox maintains that, as of August 30, 2016, it is entitled to an award of $739,685.49 (comprised of the $777,754.89 amount due on the Account Modification Agreement, less the $119,544.00 fair market value of the recovered equipment, and default interest at the rate of 18% from December 22, 2015, to August 29, 2016, in the amount of $81,474.60) for the breach of the Agreement. (Doc. # 19 at ¶ 7). For the breach of the Note, Xerox states it is entitled to $346,302.70 (comprised of $333,290.55 in principal on the Note, and default interest at the rate of 15% from May 26, 2016, through August 29, 2016, in the amount of $13,012.15). (Id. at ¶ 9). The total of these amounts is $1,085,988.19.

Additionally, for the breach of the Note, Xerox states in the amended affidavit that it is entitled to prejudgment interest of $324.60 for each day since it filed the Motion.

(Id. at ¶ 7). As there have been fifty-six days between the filing of the Motion and the date of this order, Xerox is entitled to an additional $18,177.60 in prejudgment interest on the Account Modification Agreement. For the breach of the Agreement, Xerox states that it should receive $136.97 in prejudgment interest per day. Thus, Xerox is entitled to $7,670.32 in default interest on the Note. Finally, Xerox is entitled to $539.00 in litigation costs. (Doc. # 17). Thus, as of October 19, 2016, the total amount of the judgment is $1,112,375.11.

Accordingly, the Court finds that Xerox is entitled to a judgment against Southeast and Phillips in the amount of $1,112,375.11, representing the amounts outstanding on the Agreement and Note, interest, and litigation costs. The Clerk is directed to enter judgment in favor of Xerox and against Southeast and Phillips in the amount of $1,112,375.11.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Xerox Corporation's Motion for Default Final Judgment (Doc. # 16) is **GRANTED** as set forth herein.

(2) The Clerk is directed to enter judgment in favor of Plaintiff Xerox Corporation and against Defendants

Southeast Print Programs, Inc., and John Phillips in the amount of **$1,112,375.11.**

(3) Upon entry of judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of October, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE